**OSWALT, Extx., Plaintiff-Appellant, v. WILSON, Defendant, and TRAVELERS INDEMNITY COMPANY, Defendant-Appellee.**

Ohio Appeals, Second District, Darke County.

No. 695. Decided November 15, 1951.

Spidel, Staley & Hole, Greenville, for plaintiff-appellant.
Marchal & Marchal, Greenville, Landis, Ferguson, Bieser & Greer, Dayton, for defendant-appellee.

**OPINION**

By HORNBECK, P.J.

The facts necessary to an appreciation of the legal question presented are that plaintiff secured a judgment against defendant Henry B. Wilson for $10,000.00 for the wrongful death of Rollin E. Oswalt. After this Judgment plaintiff filed a supplemental petition against the defendant-appellee, The Travelers Indemnity Co., to recover the aforesaid sum on a public liability policy which it had issued to Henry B. Wilson of date May 15, 1947. The defendant insurance company answered denying liability because the policy sued upon was not in force at the time of the accident in which plaintiff's decedent was killed and as a result of which the damages in her behalf against Wilson had been assessed.

Upon issue drawn, the cause was submitted to the trial judge, a jury having been waived. It appears that the policy sued upon had been issued to Henry B. Wilson on or about April 3, 1947. Item II of said policy read:

"Policy Period: From May 15, 1947 to May 15, 1948, 12:01 A. M., standard time at the address of the named insured as stated herein."

The policy contained a provision authorizing the company to cancel it upon five days notice to the insured of the purpose so to do. The premium having not been paid, the company sent notice to the insured on June 12, 1947 cancelling the policy in accordance with its terms, effective June 25, 1947 "at the hour on which the said policy became effective."

The collision resulting in the death of plaintiff's decedent occurred at approximately 1:00 A. M. on June 25, 1947. The trial judge found that the policy was not in force at the time of the collision resulting in the death of plaintiff's decedent and entered judgment for the insurance company.

The appeal is predicated upon the contention of appellant that the court erred in so construing the policy, that it is ambiguous in terms as to the time when it shall cease to be effective and that resolving such ambiguity in favor of the appellant it was in force all of June 25th, 1947 and the liability of the insurance company is established. Defendant introduced over exceptions of the appellant a public liability policy like unto the one sued upon, issued by defendant company to the insured Henry B. Wilson wherein the policy period was from May 15, 1946 to May 15, 1947 at 12:01 A. M.

Defendant-appellee's claim is two-fold. First, that there is no ambiguity in the policy sued upon and that under the cancellation notice it had expired before the collision occurred resulting in the death of the insured and, second, that the

foregoing conclusion is supported by the fact that the policy sued upon became effective immediately succeeding the policy covering the period from May 15, 1946 to May 15, 1947, 12:01 A. M. and was intended to and did begin and become effective immediately upon the expiration of the former policy.

We are of the opinion that the trial judge was correct in his conclusions as set forth in his written opinion which is before us and in entering the judgment from which the appeal is taken and that the claim of the defendant company is sound in both particulars asserted.

It may be urged with some support that the 12:01 A. M. following May 15, 1948, the expiration date on the policy sued upon may apply to that date only and not to May 15, 1947, the date when the policy began. If there is such ambiguity it is not in the time when the policy expires which is clearly at 12:01 A. M. May 15, 1948, but as to the exact hour when it became effective. However, it being common knowledge that policies are issued for stated periods of time and it being apparent that this policy was issued to cover a period of one year from inception to conclusion and as the time when it expires clearly appears an ambiguity, if any, as to the date when it became effective would be resolved in favor of the conclusion that it began on May 15, 1947 at 12:01 A. M.

If we are correct in our interpretation of the policy then the notice of cancellation fixing the time when the policy should expire, namely, 12:01 A. M. June 25, 1947, was according to its terms and the expiration date was thus fixed.

The prior policy is corroborative of the conclusion which we reach if upon any view the policy sued upon could be said to be ambiguous. The policy sued upon was contracted for six weeks before it was to be effective, and at a time when the former policy was still in effect. Manifestly, it was the intention of both parties that the second policy continue the coverage provided by the first policy. Beyond question, the first policy expired at 12:01 A. M. May 15, 1947 and that was the hour when the succeeding policy was intended to and did become effective.

Upon any interpretation of the evidence, in our opinion, it supports the judgment entered by the trial judge. We find no one of the four errors assigned supported.

The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.